# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL NO. 3:04CR22

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| DAMON CHAMBERLAIN | ) | |

**THIS MATTER** is before the Court on the Defendant's motion pursuant to Federal Rule of Criminal Procedure 36 to correct the Defendant's Judgment of Conviction.

On November 17, 2005, the Government filed a Rule 35 motion to reduce the Defendant's sentence which read as follows:

> [T]he government prays that the sentence of Damon Chamberlain be reduced based on his substantial assistance from the offense level 17, criminal history category IV, statutory sentence of 37 months as to Count One and a mandatory consecutive sentence of 60 months as to Count Two to a sentencing range of 24 months, offense level 13, criminal history category IV, and that all other terms and conditions previously imposed remain the same.

**Government's Rule 35 Motion, filed November 17, 2005.**

On November 18, 2005, the undersigned granted the motion in an Order that read as follows:

> [T]he Defendant's sentence as to Count One is hereby reduced from a term of 37 months imprisonment to a term of 24 months imprisonment, *the Defendant's sentence as to Count Two as well as all other terms and conditions of the Judgment of Conviction to remain in full force and effect.*

**Order, filed November 18, 2005 (emphasis added).** On December 5, 2005, an amended Judgment of Conviction was filed. **Amended Judgment of Conviction in a Criminal Case, filed December 5, 2005.**

Now, 19 months after entry of the Amended Judgment, the Defendant claims the Government intended that his sentence be reduced to 24 months as to both Counts One and Two.

Besides the fact that for almost two years no party has discovered what the Defendant terms as "oversight" or "clerical error," there is nothing from the Government supporting the Defendant's claim. Although counsel states that the United States Attorney "concurs," there is nothing in writing from the Government. Moreover, the Defendant's attorney telephoned the chambers of the undersigned recently and was advised that a written pleading from the Government would be required as an attachment to any motion filed on behalf of the Defendant. That has not been done.

The sentence imposed in 2005 reflects the relief contained in the Government's motion made at that time. In the absence of an appearance in this matter by the Government, the Court will not amend the Judgment herein.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to correct order is hereby **DENIED**.

Signed: July 20, 2007

Lacy H. Thornburg
United States District Judge